UNITED STATES OF DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

**YVONNE BURNETT**

  **Plaintiff**

**V.**

**FINANCIAL RECOVERY SERVICES, INC**

  **Defendant**

**DEMAND FOR JURY**

Case: 2:23−cv−12811
Assigned To : Grey, Jonathan J.C.
Referral Judge: Altman, Kimberly G.
Assign. Date : 11/6/2023
Description: CMP YVONNE BURNETT V FINANCIAL RECOVERY SERVICES, INC (SS)

_____

## COMPLAINT AND DEMAND FOR JURY
_____

## I. INTRODUCTION

1. This is an action for actual and statutory damages for violations under the Fair Debt Collection Practice Act (herein FDCPA) which prohibits debt collectors from engaging in abusive, deceptive, and unfair, unconscious collection practices.

## II. JURISDICTION AND VENUE

2. The court has jurisdiction under 15 U.S.C § 1692k and 28 U.S.C § 1331. The venue in this District is proper as the Defendant transacts business in Michigan, and Plaintiff lives in the Eastern District of Michigan.

## III. PARTIES

3. Plaintiff is a natural person residing in the Eastern District of Michigan. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C.§1692a (3).

4. Upon information and belief, Defendant principal place of business is 1345 Mendota Heights Rd Ste 100, MN 55120.

5. Defendant is attempting to collect an alleged debt as defined in 15 U.S.C § 1692a (5). Alleged debt that arose from a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family. or household purposes.

6. Defendant is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempts to collect consumers' debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a (6).

## IV. FACTS OF THE COMPLAINT

7. On or around October 2$^{nd,}$ 2023, Defendant agents/employees contacted Plaintiff on her personal cell phone number ending in 2571, attempting to collect an alleged debt in the amount of $921.44 allegedly owed to LVNV Funding, another debt collection agency who purchased the alleged debt from Credit One Bank. Plaintiff "stated it wasn't a good time she was busy and unable to make a payment because she wasn't working and would call them back when she was working. **This was not Defendant first time calling, plaintiff received multiple calls prior to October 2, 2023.**

9. On or around October 9th, 2023, at 9:42 am, Defendant agent/employee contacted Plaintiff with the intent to collect an alleged debt, Plaintiff stated "I'm busy and this not a good time". Defendant phone call violated 15 U.S.C § 1692c (a)(1).

10. On or around October 17th, 2023, at 1:15 pm, October 19, 2023, at 9:40 am and October 20, 2023, at 9:23am, Defendant agents/employees contacted Plaintiff, she stated "I'm busy and this not a good time". Defendant phone calls violated 15 U.S.C §

1692c(a) (1).

11. Defendant contacted Plaintiff on or around October 30th, 2023, at 12:40 pm, October 31, 2023, at 9:24am and November 3 2023, at 11;51am, at an inconvenient time with the intent to collect an alleged debt.

11. Defendant contacted Plaintiff causing her telephone to ring and repeatedly and continuously engaged her in a conversation with the intent to annoy, abuse and harass her into paying violating 15 U.S.C § 1692d. (**Telephone calls mentioned above from defendant are Attached and Labeled as Exhibit A**)

12.  Defendant conduct was not due to an Bona Fied Error as they may insert, there repeated harassing telephone calls suggest a willful disregard for the FDCPA and the lack of procedures put in place to avoid such violations to consumers.  Plaintiff has suffered actual damages as a result of Defendant reckless collection tactics in the form of frustration, anger, mental anguish, decreased ability to focus on daily task, unjustified abusive invasion of privacy and other negative emotions.

## V. FIRST CLAIM FOR RELIEF

13. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

14. Defendant violated the FDCPA. Defendant's violations include, but are not Limited to, the following:

15. Defendant violated 15 U.S.C § 1692c (a)(1) by intentionally communicating in connection with collection of debt at an unusual time or place known to be inconvenient as plaintiff told them multiple times, she was busy, and it wasn't a good time.

16. Defendant violated 15 U.S.C § 1692d of the FDCPA by (5) by causing plaintiff telephone to ring and engaging in telephone conversations continuously with the intent to annoy, harass, oppress and abuse plaintiff.

17. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages and statutory damages pursuant to 15 U.S.C § 1692k.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages;

C. Statutory damages;

D. For such other and further relief as the Court may deem just and proper.

Dated: November 1 2023,                     Respectfully Submitted,

/s/ Yvonne Burnett
19911 Lochmoor St
Harperwoods, MI 48225
Email: yvonneb11577@gmail.com

**EXHIBIT A**



**EXHIBIT A**

